IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:14-CR-237 |
| | ) | |
| Plaintiff, | ) | JUDGE: JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT LEE EVANS, | ) | <u>DEFENDANT'S SENTENCING</u> |
| | ) | <u>MEMORANDUM</u> |
| Defendant. | ) | |

Now comes the Defendant, Robert Lee Evans, by and through undersigned counsel, and herein respectfully submits the within Sentencing Memorandum for this Honorable Court's review and consideration.

                                       Respectfully submitted,

                                       */s/ Richard G. Lillie*          .
                                       RICHARD G. LILLIE (390023744)
                                       Lillie & Holderman
                                       75 Public Square, Suite #1313
                                       Cleveland, Ohio 44113-2011
                                       T:216-861-1313/F:216-861-1314
                                       rlillie@lillieholderman.com

SENTENCING MEMORANDUM

Defendant Robert Lee Evans herein respectfully offers the following background information, law, and argument in support of his request for a sentence of twenty-four **(24) months** imprisonment in this case as proposed and suggested by the parties' within their written Plea Agreement.

I.  INTRODUCTION

The Superseding Indictment in the instant case, filed on January 28, 2015, includes multiple charges, including Wire Fraud, Mail Fraud, Money Laundering, and False Statements.

On June 17, 2015, after extensive discussions and negotiations, Mr. Robert Evans entered into a written Plea Agreement with the United States Attorney's Office. Pursuant to the parties' written Plea Agreement, Mr. Evans pled Guilty to one count of Making a False Statement in Violation of Title 18, United States Code Section 1001, and one count of Wire Fraud in violation of Title 18 United States Code Section 1343.

Defendant Robert Lee Evans was involved in fashioning a plan and starting a company through which he would use his knowledge and skill as a paralegal to encourage inmates and their families to hire him for assistance with their cases and/or sentences. Specifically, as it concerns the offense conduct charged in this case, Robert Evans tried to assist inmates through offering them "an opportunity" to participate in what has been referred to as "third party assistance" which, if it had been approved and agreed upon by proper authorities, would permit a person who is under criminal

investigation or in custody, to benefit through the *undercover work* or *cooperation* of another person working for or with members of a law enforcement team.

In the case of Defendant Robert Lee Evans, Mr. Evans promised more than he could actually deliver, and failed to obtain the approval necessary to make his plan to help his inmate clients, which plan was initially well-intentioned, begin to work.

Mr. Evans himself had familiarity with the criminal justice system and also knew a number of individuals involved in the criminal justice system, from prosecutors, to criminal defense attorneys, to law enforcement personnel.  He had big ideas about what could be accomplished using the "third party assistance" plan he described to his inmate clients, but no agreements or true connections in place which would bring about the results he was offering to them.

Ultimately, Robert Evans was reckless about making promises he could not keep. Mr. Evans took money from his clients and from their families and, with high but unsupported hope, literally began to believe his own enticing sales pitches.

Now, Mr. Evans has come to terms with what he has done, and understands fully that, in the end, the promises he made were false, and the hope he tried to convey to his clients were without foundation.  Robert Evans got in over-his-head and is ashamed for having taken advantage of people who were looking to find some glimmer of hope to ease their difficult circumstances.  Robert Evans secured new "clients" but never developed a legitimate plan to provide "third party assistance" to his clients.  Count 1 of the Superseding Indictment outlines the payments Mr. Evans received for the "services" he sold to his clients and their families.

Defendant Robert Evans was taken by surprise and confronted with law enforcement agents during a pre-scheduled meeting with his Federal Probation Officer. At that time of the meeting with his Probation Officer, he was admittedly taken off-guard and was not truthful about his offense conduct.  Count 6 of the Superseding Indictment encompasses Mr. Evans' false statements to law enforcement at the time he was detained and questioned at his Probation Officer's office.

II.     DEFENDANT'S HISTORY AND PERSONAL CHARACTERISTICS

Defendant Robert Evans is 45 years old.  He was born in Cleveland, Ohio, and is one of six children born to Ernestine and James Evans, Sr.  Robert also has three step-siblings.  Robert has a good relationship with his mother and step-father and with most all of his siblings.  Robert Evans has lived through a great deal of hardship and tragedy.  As a consequence, his life went down a path which he undoubtedly would change if he could live it over again.

When he was a young boy in 1979, Robert Evans' father, James Evans, Sr., was brutally murdered.  Robert and his mother witnessed that tragic occurrence.  Understandably, it bonded and changed the two of them, forever.  After his father's death, Robert's older step-brother, Anthony Brown, stepped in to help his mother raise her younger children.

In 1984 Anthony Brown was also the victim of a Murder.  Robert Evans was stricken after this fatal event.  **As well documented in Robert's criminal history computation, after the tragic death of Anthony Brown, his second father figure, Robert's life began to veer drastically off course**.

4

Robert Evan's mother did end up getting married again in 2012. She married Raymond Harris, with whom she has been in a relationship since 1991. Presently, Robert Evans' mother is 78 years old and is suffering from a number of medical problems. She was very recently hospitalized with a heart ailment and was hospitalized a couple of times during the past year of Robert Evans' incarceration. Robert's step-father also suffers with a number of serious medical problems.

Robert Evans grew up in a decent family home where there was no drug use and regular church attendance. However, outside the home, beginning at a young age, Robert Evans was exposed to the streets. He witnessed prostitution, drug use and violence in the neighborhood after school because his mother worked and he did not have regular adult supervision until she came home from work. After a fight at school and severe retaliation by a large group of other kids, Robert ended up joining a group known as the Dynamite Devil street gang. He joined this gang for protection. He was only in the group for about a year when he got into criminal trouble and was sent to the juvenile detention center.

Robert Evans has worked for various employers throughout his adult life and has also owned or had an interest in a number of businesses, most of which have experienced modest success.

Notwithstanding his exposure to violence at a young age, other difficult childhood experiences, and his past criminal conduct, Robert Evans has managed to maintain positive relationships with most of his children and also with his step-children. Mr. Evans has strived to maintain steady employment. Although he dropped out of high

school, he nevertheless earned his GED and has taken numerous college classes at the University of Findlay, Cuyahoga Community College, the University of Phoenix, and Strayer University in order to better himself.

Defendant Robert Evans has admitted having substance abuse problems in the past.  He has also experienced some mental health difficulties as a child for which he received regular counseling.  At one point the Defendant was hospitalized due to the trauma he suffered following the violent deaths of his father and step-brother.  During more recent times, the Defendant has experienced bouts of depression.  Prior to his arrest in connection with the instant case, the Defendant was seeking counseling through Advanced Psychotherapy Services in Wickliffe, Ohio, on a regular weekly basis.  If mental health and/or substance abuse counseling is available to him in the future, the Defendant respectfully asks to be considered and recommended for participation in such counseling.

Despite his legal troubles in the past, and his incarceration during the pendency of this case, Robert Evans has remained close to his family.  Robert is particularly close to his mother and his step-father.  After he serves and completes his sentence in this case, Robert is committed to making himself available to help his parents in any way possible, whether it is assisting them in their home or helping to transport them to church, medical appointments, family gatherings, and the like.  Robert Evans understands now, more than ever, the depth of the love and support his family has shown him even in the face of his past and present criminal problems.  Robert Evans considers himself extremely fortunate to have the family he does.

III.    PARTIES' WRITTEN PLEA AGREEMENT

As noted above, the United States Attorney's Office and Defendant Robert Lee Evans negotiated and entered into a written Plea Agreement. Pursuant to the terms of that written agreement, the United States and the Defendant have agreed to the following Stipulated Guideline Computation:

**Count 1, Wire Fraud**

| | |
|---|---:|
| Base Offense Level (2B1.1(a)(1)) | 7 |
| Loss: more than $70,000 – less than $120,000 (2B1.1(b)(1)) | +8 |
| Subtotal | **15** |

**Count 6, False Statements**

| | |
|---|---:|
| Base Offense Level (2B1.1(a)(2) | 6 |
| Subtotal | **6** |

**Multiple Count Adjustment** (3D1.1-3D1.5)

| | |
|---|---:|
| Highest Group Offense Level | **15** |
| Increase for Multiple Count Adjustment | +1 |
| Total Offense Level before acceptance of Responsibility | 16 |
| Acceptance of Responsibility (USSG 3E1.1(a) and (b) | -3 |
| **TOTAL OFFENSE LEVEL** *after acceptance of Responsibility* | **13** |

After considering the sentencing factors set forth in Title 18, United States Code Section 3553(a), and pursuant to the parties' written Plea Agreement, the United States Attorney's Office and Defendant Robert Lee Evans have agreed to recommend to this

<u>Honorable Court that the Defendant be sentenced to a term of imprisonment of 24 months.</u>

IV.     SENTENCING – 18 USC SECTION 3553 FACTORS

Title 18 United States Code, Section 3553 provides the following:

18 USC § 3553 Imposition of a sentence

(a) Factors to Be Considered in Imposing a Sentence. – The court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for -

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

8

      (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7) the need to provide restitution to any victims of the offense.

In United States v. Booker, 125 S. Ct. 738 (2005), a majority of the United States Supreme Court determined that the Court's previous holding in Apprendi v. New Jersey, 530 U.S. 466, applied to the United States Sentencing Guidelines.  The Court found unconstitutional the provision of §3553(b)(1) which made the Guidelines *mandatory* and thus excised that portion of the statute.  The Booker Court also excised the provisions of the statute which set forth the appellate standard of review under 18 U.S.C. §3742, holding that sentences should be reviewed under the standard of *reasonableness*, which reasonableness is to be determined with reference to the standards set forth at 18 U.S.C. §3553(a). Id. at 757, 765-66.

After the Court's decision in Booker, and in accordance with the provisions of Title 18 Section 3553(a), this Honorable Court and all District Courts are charged with the duty to "impose a sentence sufficient, but not greater than necessary, to . . . (a) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See*, 18 U.S.C. §3553(a)(2).

9

In <u>United States v. Oliver</u>, 397 F.3d 369 (6th Cir. Feb. 2, 2005), in a decision which deals with the reasonable application of 18 U.S.C. §3553, the Sixth Circuit recognized that:

> The Supreme Court's decision in Booker eliminates the mandatory nature of the federal sentencing guidelines, thereby giving district courts **additional discretion** as to both the factors which they may consider at sentencing and the length of imprisonment to be imposed. Provided that a district court judge **metes out a sentence which constitutes a reasonable application of 18 U.S.C. §3553(a), the sentence may diverge from the applicable guideline** range. <u>Booker</u>, at 738.

<u>Id</u>. at 381 (emphasis added, some citations omitted.)

In the case at bar, Defendant Robert Evans respectfully submits that a sentence of 24 months incarceration is "reasonable" and appropriate in every way; not only as defined by statute, but also as agreed to by the parties after considering the underlying offense conduct, and as suggested in their written Plea Agreement. The Defendant further submits that a sentence of 24 months would be sufficient but not greater than necessary and would not only reflect the seriousness of his offense conduct, it would provide just punishment. A sentence of 24 months would accomplish the principles of federal sentencing as recognized by both the Sixth Circuit and the United States Supreme Court.

V. CONCLUSION

Based upon all of the foregoing, and further based upon the arguments which will be further presented by counsel at Sentencing, Defendant Robert Lee Evans most respectfully moves this Honorable Court to consider and adopt the sentence suggested by

the parties in their written Plea Agreement. It is noted that the subject Plea Agreement was made after extensive negotiations and deliberation. Defendant herein submits that a sentence of 24 months would be just, reasonable and appropriate in accordance with the sentencing principles set forth in Title 18 United States Code Section 3553.

Respectfully submitted,

*/s/ Richard G. Lillie*       .
RICHARD G. LILLIE (390023744)
Lillie & Holderman
75 Public Square, Suite #1313
Cleveland, Ohio 44113-2011
T:216-861-1313/F:216-861-1314
rlillie@lillieholderman.com

CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically on the 26th day of August 2015 in accordance with the Court's Electronic Filing System. Parties may access this filing through the Court's filing system.

*/s/ Richard G. Lillie*       .
Richard G. Lillie (390023744)