IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:14CR237 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT LEE EVANS, | ) | GOVERNMENT'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Steven M. Dettelbach, United States Attorney, and Robert E. Bulford, Assistant United States Attorney, and submits the following sentencing memorandum.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney

By:  /s/ *Robert E. Bulford*
Robert E. Bulford (0014679)
Assistant U.S. Attorney
Two South Main Street, Room 208
Akron, Ohio 44308
(330) 761-0517
(330) 375-5492 (facsimile)
robert.bulford@usdoj.gov

MEMORANDUM

The defendant has pleaded guilty pursuant to a plea agreement to one count of wire fraud, in violation of Title 18, United States Code, Section 1343, and one count of making a false and fictitious or fraudulent statement, in violation of Title 18, United States Code, Section 1001(a)(2).  The Presentence Report (PSR) has been completed and there are some discrepancies between the PSR and the plea agreement entered into by the parties.  The defendant submitted objections to the PSR to the Probation Officer and those objections, along with the Probation Officer's response thereto, are included in the final PSR.  The government did not object to the PSR as it is accurate and the Probation Officer correctly applied the sentencing guidelines to the facts in this case.

The stipulations made in the plea agreement recommended treating the wire fraud conviction and the false statement conviction as separate groups, and calculated the guidelines based on a multi-count grouping scenario.  The Probation Officer in determining the offense level concluded that both counts of conviction should be in one group, and calculated the offense level a little differently than was contemplated by the plea agreement.  After research, government counsel determined that the Probation Officer correctly applied the guidelines, and did not object to the calculations in the PSR.

Guideline Calculations

The defendant entered into a plea pursuant to a written plea agreement.  In the plea agreement, the parties stipulated to a guideline calculation that treated the counts of conviction as separate offenses subject to multi-count treatment.  The total offense level before any reduction for acceptance of responsibility as contemplated by the plea agreement is 16.  In the PSR, the Probation Officer treated the offenses of conviction as one group and determined that the offense

2

level prior to any reductions is 17.  In the PSR, the guideline calculation starts at offense level 7 pursuant to U.S.S.G. §2B1.1 for the wire fraud count.  Eight levels were added pursuant to U.S.S.G. §2B1.1(b)(1)(F) as the loss was between $70,000 and $120,000.  As the offenses were in one group, a two level upward adjustment for obstruction of justice was added pursuant to U.S.S.G. §3C1.1.  This takes into account the offense conduct for Count 6, false statements.  As a result, the final offense level is 17.  This is one level above the level contemplated by the plea agreement.

The Court is obligated to correctly determine the guideline calculations when evaluating and applying the § 3553(a) factors to an individual defendant.  The stipulations of the parties in the plea agreement are not controlling in determining the guideline calculations.  The proper application of the guidelines controls.  After reading over the relevant guideline section application notes and United States v. Dadist, 481 F.3d 425 (6th Cir. 2007), government counsel concluded that the Probation Officer has correctly applied the guidelines.

Here the guideline offense level before any reduction for acceptance of responsibility or otherwise is 17.

The defendant also objected to his Criminal History calculation.  The Probation Officer assessed three points for a carrying a concealed weapon and a failure to comply conviction for which he was arrested on January 2, 1993, and sentenced on July 30, 1993 (PSR ¶ 87).  He was also assessed three points for a conviction for corruption of a minor for which he was arrested on February 25, 1993, and sentenced also on July 30, 1993.  Defendant asserts that he was sentenced on the same day for those offenses, and should only be assessed once for three points.  If defendant's assertion were correct, his Criminal History Category would be IV and not V.  However, the assessment of six points for those two convictions is correct as, although judgment

was entered on the same day, the offenses were separated by intervening arrests.  U.S.S.G. §4(A)1.2(a)(2).  The Probation Officer correctly determined the Criminal History Category to be V.

At sentencing the government will move the Court to grant the extra point for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(b).  In the plea agreement the parties both agreed to recommend that a sentence of 24 months would be sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).  The government will stand by that recommendation and will provide further relevant information to the Court at that hearing.

                Respectfully submitted,

                STEVEN M. DETTELBACH
                United States Attorney

By:   /s/ *Robert E. Bulford*
        Robert E. Bulford (0014679)
        Assistant U.S. Attorney
        Two South Main Street, Room 208
        Akron, Ohio 44308
        (330) 761-0517
        (330) 375-5492 (facsimile)
        robert.bulford@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                /s/ *Robert E. Bulford*
                Robert E. Bulford
                Assistant U.S. Attorney